Mr. Justice MacArthur
delivered the opinion of the court, substantially as follows:
In this cause an injunction was issued restraining the Commissioners of the District from leasing certain premises as a suitable place in which to hold the sessions of the Police Court, and the bill proceeds upon the assumption that the Commissioners have no authority to enter into a contract or to incur expense of that kind.
By the act of June 20, 1874, which changed the form of government of this District, vesting the executive power in three Commissioners, it is provided in the second section thereof that the Commissioners shall succeed to the authority of the governor and Board of Public Works, with such limitations as are afterward set forth in the act, to wit, the powers possessed by the mayor, board of aldermen, and board of common council of the city of Washington, and the corporation of Georgetown, and by the Levy Court. That act specifically provides that the Commissioners “ shall make no contract, nor incur any obligation, other than such contracts and obligations as may be necessary to the faithful administration of the valid laws enacted for the government of said District,” &c. The Commissioners are also authorized, in addition to the *476 exercise of these powers, to apply the taxes and revenues of the District. (18 Stats., 116.)
The Revised Statutes provide that a suitable place for holding the sessions of the Police Court shall be provided at the expense of the District; and furthermore, that the salaries of the judge and other officers specified shall be paid by the District. There is also a provision that all moneys arising from fines, forfeitures, and judgments in the Police Court shall be paid to the District; and in a subsequent section it is provided that the salaries of judges and other officers connected with the Police Court, mentioned in that section, shall be paid from the moneys that are thus collected, and the balance shall be paid into the treasury of the District. These are the substantial provisions of law bearing upon the subject.
The majority of the court are of opinion that these provisions of law not only invest the Commissioners with power to provide a suitable place for holding the sessions of the Police Court, but that they make it their duty so to do. The expenses of this court are charged upon the District, the payment of its officers is charged upon the District, and the Commissioners are to defray the expenses of the District by applying the taxes and revenues of the District for that purpose. And they may also make such contracts and obligations as may be necessary to the faithful administration of the valid laws enacted for the government of the District. This provision is referred to as having a direct and important bearing upon this case. The position was taken in the argument that the Commissioners were free from the burden of bearing these expenses, and therefore do not possess the authority necessary to incur them; but, inasmuch as the act says that these moneys arising from the judgments of the Police Court shall be paid to the District directly, and all of them, and afterwards directs that therefrom the expenses of this court shall be deducted and the balance covered into the treasury, we think that it clearly imposes upon them the necessity of providing for the expense of the court; and when the statute expressly declares that the accommodation for the Police *477 Court is to be provided from the revenues of the District, that the power of providing such accommodations is clearly conferred upon them.
It has been argued very earnestly to the court that the marshal of the District, and he only, possesses the power to provide a suitable place for the accommodation of the Police Court. The marshals of the several districts are prohibited by law from incurring any expenditure in any one year of more than fifty dollars for rent of buildings and making improvements thereon. (liev. Stats., sec. 880.) If a greater expense is necessary for this purpose, the marshal must first obtain authority to incur it from the Attorney-General of the United States; so that it would appear that it was merely to meet a temporary contingency, which might arise where the government had no executive except the marshal. But when the expenses of this Police Court are to be paid by the District, and not out of any general appropriation for the Department of Justice, and where the officers to pay them are authorized by law to apply the revenues and taxes of the District to that purpose, and when this is undeniably a valid law of the District, and therefore one in respect of which they may make a contract or obligation, it can hardly be said that an application of this kind could be made to the Attorney-General to defray these expenses out of the moneys of the United States specifically appropriated for his department. The people of this District have a local government which the United States have not in the different States of the Union. We have our Commissioners here ; we have our local taxation from which this burden is to be discharged. So that we think the act of 1793, the provisions of which have been relied upon by counsel, has no application to a case of this kind in the District of Columbia.
It appears that the marshal of the District has never exercised any authority whatever in the selection of a place for holding the sessions of the Police Court since its organization. Previous to the establishment of the late territorial form of government, the premises now occupied by that court were *478 provided by the former corporations of Washington and the city of Georgetown and the Levy Court, and the same have ever since been leased by the District authorities for the same purpose, and all the expenses connected therewith have been paid by the District, and no part of such expense has ever been paid by the United States marshal. And such appears to have been the construction placed upon the law since the court has been established. Moreover, the marshal is not the sole executive officer of that court; The major of police is to execute its process and to return the same in all cases arising out of violations of the ordinances or laws of the District, and even where cases are cognizable in the Supreme Court of the District, its process may be directed to the major of police in cases of emergency. So that many of the duties of a United States mai’shal in the Federal districts are locally inapplicable here. The Police Court is local to the District of Columbia, and its expenses are to be defrayed by the District, and not by the United States; and the provision of law prohibiting the marshal of a Federal district from incurring a greater expense than fifty dollars a year, is in the interest of the general government, which meets the whole expense of the Federal judiciary.
It is said the Commissioners have increased the indebtedness of the District, which they had no right to do. But this, we think, is a misconception, for the expenses of fitting up the building have been all paid out of the fund created by collecting the fines and judgments imposed by the court itself, and the rent will be paid as it always has been, out of the same fund, which is set apart and consecrated by the statute law to that very purpose. Indeed, the revenue derived from this source exceeds, by several thousand dollars every year, the expenses of maintaining the court.
We think it is an error to suppose that a Police Court is a nuisance per se, any. more than a merchant’s warehouse, or a grocery establishment, or a tailor’s shop would be in the same vicinity.
It follows from these views that we are of opinion that the *479 Commissioners had the power, and exercised it properly in this case, to provide suitable accommodation for the court. The injunction is dissolved and the bill dismissed.
Wylie, J., dissented.